McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2755

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>2002 MERCEDES BENZ, CLK 320, LICENSE NUMBER 4WPD336, VIN: WDBLJ65G02F201642,<br><br>　　　　Defendant. | **2:05-CV-01351 DFL DAD**<br><br>**STIPULATION FOR EXPEDITED SETTLEMENT AND ORDER THEREON** |

　　　IT IS HEREBY STIPULATED by and between plaintiff United States of America and Claimant Chase Manhattan Automotive Finance Corporation (hereinafter "Chase") to compromise and settle claimant's claim with respect to the 2002 Mercedes Benz, CLK 320, License Number 4WPD336, VIN: WDBLJ65G02F201642, (hereinafter "defendant vehicle") according to the following terms:

　　　1.　　This is a civil forfeiture action against the above-referenced defendant vehicle arrested on July 15, 2005 on land in the Eastern District of California.

　　　2.　　The parties to this Agreement hereby stipulate that any
///

1

1 violation of 21 U.S.C. § 881(a)(4) involving the defendant vehicle
2 occurred without the knowledge and consent of claimant Chase.
3    3.   Plaintiff agrees that upon entry of a Final Judgment of
4 Forfeiture forfeiting to the United States all right, title, and
5 interest in the defendant vehicle, and upon the sale of the
6 defendant vehicle, it shall pay claimant Chase from the proceeds of
7 the sale, after payment of outstanding expenses of custody and sale
8 incurred by the U.S. Marshals Service, the following:
9       a.   All unpaid principal due to Chase in the amount of
10 $10,130.06 as of October 24, 2005, pursuant to the contract dated
11 March 5, 2002.
12       b.   All unpaid interest under the contract with a rate
13 of 6.9% per diem from October 24, 2005 until the date of payment.
14    4.   Payment to Chase is conditioned upon the United States'
15 prevailing against any competing claims, including any claims by
16 the property owner.
17    5.   The payment to Chase shall be in full settlement and
18 satisfaction of any and all claims by Chase to the defendant
19 vehicle arrested by the United States on or about July 14, 2005,
20 and all claims resulting from the incidents or circumstances giving
21 rise to this forfeiture action.
22    6.   Upon payment, Chase agrees to assign and convey its
23 security interest to the United States and to release and hold
24 harmless the United States, and any agents, servants, and employees
25 of the United States (and any involved state or local law
26 enforcement agencies and their agents, servants, or employees), in
27 their individual or official capacities, from any and all claims by
28 Chase and its agents that currently exist or that may arise as a

2

result of the Government's actions against and relating to the defendant vehicle.

7.   As a part of this settlement, claimant Chase agrees not to pursue against the United States any other rights it may have under the contract, including but not limited to, the right to initiate a judicial or non-judicial foreclosure action.

8.   Claimant Chase agrees to waive all attorneys' fees under 28 U.S.C. § 2465.

9.   Claimant Chase agrees to notify the U.S. Attorney promptly if it learns of any condition that might make an interlocutory sale appropriate.  Without limitation, Chase shall notify the U.S. Attorney at the end of the first payment cycle in which a payment is not made by the debtor under the terms specified in the note. Chase further agrees to join in any motion by the U.S. Attorney for interlocutory sale of the property.

10.   Claimant Chase understands and agrees that by entering into this Expedited Settlement of its interests in the defendant vehicle, it waives any rights to litigate further against the United States its interest in the defendant vehicle and to petition for remission or mitigation of the forfeiture.  If this Settlement is approved by the Court, then unless specifically directed by an order of the Court, claimant Chase shall be excused and relieved from further participation in this action.

11.   Claimant Chase understands and agrees that the United States reserves the right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement

1  for economic reasons.  The Government shall promptly notify the
2  lien holder of such action.
3       12.  The parties agree to execute further documents, to the
4  extent necessary, to convey clear title to the property to the
5  United States and to implement further the terms of this
6  settlement.  Each party agrees to bear its own costs and attorneys'
7  fees.
8       13.  Payment to Chase pursuant to this settlement agreement is
9  contingent upon a court-authorized forfeiture of the defendant
10 vehicle to the United States, the United States' prevailing over
11 any third-party claims, the court's entry of a Final Judgment of
12 Forfeiture, and sale of the defendant vehicle pursuant to the final
13 judgment.  Further, the terms of this settlement agreement shall be
14 subject to approval by the United States district court and any
15 violation of any terms and conditions shall be construed as a
16 violation of an Order of the Court.

Dated: 4/21/06                McGREGOR W. SCOTT
                              United States Attorney


                               /s/ Courtney J. Linn
                              COURTNEY J. LINN
                              Assistant U.S. Attorney

Dated: 4/20/06

                               /s/ Everett G. Barry, Jr.
                              EVERETT G. BARRY, JR.
                              Attorney for Claimant
                              Chase Manhatten Automotive Finance
                              Corporation
///
///                           (Original signature retained by
                                 Attorney)
///

4

**ORDER**

This Stipulation for Expedited Settlement is hereby APPROVED.

Dated: May 3, 2006

                                          /s/ David F. Levi
                                          DAVID F. LEVI
                                          United States District Judge