McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>2002 MERCEDES CLK 320,<br>CALIFORNIA LICENSE NO.<br>4WPD336, VIN:<br>WDBLJ65G02F201642<br><br>            Defendant. | 2:05-CV-01351-DFL-DAD<br><br>**FINAL JUDGMENT OF FORFEITURE** |

     Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

     1.  This is a civil forfeiture action against a 2002 Mercedes CLK 320, California License No. 4WPD336, VIN: WDBLJ65G02F201642 (hereafter "defendant vehicle").

     2.  A Verified Complaint for Forfeiture *In Rem* was filed on July 5, 2005, seeking the forfeiture of the defendant vehicle, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4), as property that constitutes a conveyance used or intended to be used to transport, or to facilitate the transportation, sale,

1

receipt, possession, or concealment of a controlled substance which had been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. § 841(a)(1).

3. On or about July 6, 2005, the Court issued a Warrant and Summons for Arrest of Articles *In Rem* for the defendant vehicle, and that was duly executed on July 14, 2005.

4. On January 25, 2006, a Public Notice of Arrest and Seizure of the defendant vehicle appeared by publication in <u>The Daily Recorder</u>, a newspaper of general circulation in the county in which the defendant vehicle was seized (Sacramento County). The Proof of Publication was filed with the Court on February 2, 2006.

5. In addition to the Public Notice of Arrest having been completed, plaintiff gave actual notice to the following:

    a. Dai Pak
    b. Hui Pak
    c. Lina Pak
    d. Chase Manhattan Bank
    e. Chase Automotive Finance.

6. On July 28, 2005, Jaijin Han filed a claim alleging that he is the legal and rightful owner of the defendant vehicle. On June 28, 2006, Jaijin Han filed an answer to the verified complaint.

7. Chase Manhattan Automotive Corporation (hereafter "Chase") filed a claim on October 21, 2005, alleging a security interest in the defendant vehicle as evidenced by the purchase contract. Chase filed an answer on November 9, 2005, asserting the same interest in the defendant vehicle. On May 4, 2006, a

1  Stipulation for Expedited Settlement and Order Thereon was
2  entered into between plaintiff and claimant Chase.
3      8.  Apart from claimants Jaijin Han and Chase, no other
4  parties have filed claims or answers in this matter and the time
5  for which any person or entity may file a claim and answer has
6  expired.
7      9.  The Clerk of the Court entered a Clerk's Certificate of
8  Entry of Default against Dae Pak, Hui Pak and Lina Pak on June
9  16, 2006.  Pursuant to Local Rule A-540, the United States and
10 claimants Jaijin Han and Chase thus join in a request that as
11 part of this Final Judgment of Forfeiture in this case the Court
12 enter a default judgment against the interest, if any, of Dae
13 Pak, Hui Pak and Lina Pak without further notice.
14     Based on the above findings, and the files and records of
15 the Court, it is hereby
16     ORDERED AND ADJUDGED:
17     1.  That the Court adopts the Stipulation for Final Judgment
18 of Forfeiture entered into by and between the parties to this
19 action.
20     2.  That judgment is hereby entered against claimant Jaijin
21 Han and all other potential claimants who have not filed claims
22 in this action.
23     3.  That the defendant 2002 Mercedes CLK 320, California
24 License No. 4WPD336, VIN: WDBLJ65G02F201642, shall be forfeited
25 to the United States pursuant to 21 U.S.C. § 881(a)(4), to be
26 disposed of according to law.
27     4.  That upon entry of this Final Judgment of Forfeiture
28 forfeiting to the United States all right, title, and interest in

the defendant vehicle, and upon the sale of the defendant vehicle, it shall pay claimant Chase from the proceeds of the sale, after payment of outstanding expenses of custody and sale incurred by the U.S. Marshals Service, the following:

    a. All unpaid principal due to Chase in the amount of $3,091.25 as of April 10, 2007, pursuant to the contract dated March 5, 2002.

    b. All unpaid interest under the contract with a rate of 6.9% per diem from April 10, 2007 until the date of payment.

    c. Attorney's fees in the amount of $2,124.50.

5. That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure or forfeiture of the defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

6. Pursuant to the stipulation of the parties, and allegations set forth in the Complaint for Forfeiture *In Rem* filed July 5, 2005, the Court finds that there was reasonable cause for the seizure and arrest of the defendant vehicle, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

///

///

7. Except as provided in ¶ 4, all parties are to bear their own costs and attorneys' fees.

SO ORDERED THIS 26th Day of April, 2007

/s/ David F. Levi
DAVID F. LEVI
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture *In Rem* filed July 5, 2005, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant vehicle.

/s/ David F. Levi
DAVID F. LEVI
United States District Judge